FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2007 MAR 29   PM 3: 37

U.S. _____ COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

NANJI WARE,

                    Petitioner,

vs.                              Case No.   2:03-cv-556-FtM-34SPC

SECRETARY,     DEPARTMENT     OF
CORRECTIONS,

                    Respondent.

_____

OPINION AND ORDER[1]

I.

Petitioner, Nanji Ware,[2] (hereinafter "Petitioner" or "Ware"),
who is proceeding pro se and in forma pauperis, initiated this
action by filing a Petition for Writ of Habeas Corpus (Doc. #1)
(hereinafter Petition) pursuant to 28 U.S.C. § 2254 on September
15, 2003.[3]   Petitioner challenges a 1997 state court judgment of

_____

[1]This is a "written opinion" under § 205(a)(5) of the E-
Government Act and therefore is available electronically.  However,
it has been entered only to decide the motions addressed herein and
is not intended for official publication or to serve as precedent.

[2]On April 1, 2005, Petitioner was released from incarceration
and placed on supervised release.  See www.dc.state.fl.us.
Consequently, the Court does not deem the Petition moot.  Spencer
v. Lemna, 523 U.S. 1, 7-8 (1998).

[3]The Petition (Doc. #1) was filed in this Court on September
18, 2003; however, the Petition is considered filed when delivered
to prison authorities for mailing and, absent evidence to the
contrary, is assumed to be the date the inmate signed the document
(September 15, 2003).  See Washington v. United States, 243 F.3d
1299, 1301 (11th Cir. 2001).  If applicable, the Court will also
give Petitioner the benefit of the mailbox rule with respect to his
state court filings when calculating the one-year limitations
                                              (continued...)

conviction for two counts of False Imprisonment and one count of Attempted Second Degree Murder With Firearm entered in the Twentieth Judicial Circuit Court, Charlotte County, Florida. The Petition raises the following two separate grounds of **ineffective assistance of trial counsel:**

> (I) failure to move for a directed verdict at the conclusion of the state's case;
>
> (II) failure to conduct an adequate pre-trial investigation to demonstrate that defendant was insane by reason of intoxicants.

In compliance with the Court's Order (Doc. #3), Respondent, on January 21, 2004, filed a Response to Petition for Writ of Habeas Corpus/Memorandum of Law (Doc. #7) (hereinafter Response). Respondent submitted numerous exhibits in support of his contentions, including the post-conviction motions filed by Petitioner and the record on appeal from Petitioner's state court proceedings (Docs. #8-#10).[4]  Petitioner, on February 6, 2004, filed a Reply to Respondent's Response (Doc. #11) (hereinafter "Reply"). This case is now ripe for review.

## II.

On January 25, 1996, Petitioner, in Case No. 95-956CF, was charged with two counts of False Imprisonment (Count I and Count

---

[3](...continued)
period under 28 U.S.C. § 2244(d).

[4]The Court will hereinafter refer to the exhibits that are referenced in and submitted in support of the Response as "Exh." All exhibits are docketed at Documents #8, #9 and #10.

II), one count of Aggravated Assault With a Fireman (Count III), and one count of Attempted First Degree Murder (Count IV). Petitioner proceeded to jury trial and was found guilty of two counts of False Imprisonment (Counts I and II) and one count of the lesser charge of Attempted Second Degree Murder With Firearm (Count IV). The jury acquitted Plaintiff of the aggravated assault with a firearm count (Count III). On May 9, 1997, the trial court adjudicated Petitioner guilty consistent with the jury verdicts and sentenced Petitioner to 60 months and 24 months respectively, for each count of False Imprisonment (Count I and Count II); and 126 months followed by ten years of probation for the count of Attempted Second Degree Murder With Firearm (Count IV). All sentences ran concurrently.

Petitioner filed a direct appeal arguing that the crime of second degree murder is illogical and without legal foundation, which was denied by the trial court (Exh. #1). The State of Florida filed an answer brief (Exh. #2). Petitioner filed a reply brief (Exh. #3). On October 7, 1998, the state district court affirmed, citing Quesenberry v. State, 725 So. 2d 1359 (Fla. 2d DCA 1998)(Exh. #4). See Ware v. State, 725 So. 2d 1124 (Fla. 2d DCA 1998)(Exh. #5). Petitioner did not seek a rehearing, and mandate issued on October 26, 1998 (Exh. #6).

On November 17, 1998, Petitioner filed a pro se Rule 3.80 motion to correct illegal sentence, which was summarily denied by

-3-

the trial court on December 15, 1998. Petitioner appealed to the Second District Court of Appeal (Exh. #9), which stayed the appeal pending the Florida Supreme Court's review of the state district court's decision in Heggs v. State, 718 So. 2d 263 (Fla. 2nd DCA 1998)(Exh. #10). On August 11, 2000, the state district court lifted the stay (Exh. #11). Subsequently, on August 23, 2000, the district court affirmed, without prejudice, finding that Ware's appeal was facially insufficient because Ware had failed to allege how the unconstitutional guidelines affected his sentence. Ware v. State, 765 So. 2d 891, 892 (Fla. 2d DCA 2000) (Exh. #12). Mandate issued on September 25, 2000 (Exh. #13).

On October 6, 2000, Petitioner filed a pro se motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850, raising two grounds of ineffective assistance of trial counsel: (1) failure to seek an acquittal after the jury found Ware guilty of the lesser offense of attempted second degree murder with a firearm; and (2) failure to conduct an adequate pre-trial investigation to support the defense of insanity due to Ware's use of intoxicants at the time of the offense (Exh. #14). The State of Florida filed a response (Exh. #15) and Petitioner filed a reply (Exh. #16). The State of Florida filed a supplemental response (Exh. #18) after being directed by the court  (Exh. #17), to which Petitioner filed a supplemental reply (Exh. #19). On April 27, 2001 (Exh. #20), the trial court denied Ware's first ineffective assistance of trial

counsel claim -- failure to seek an acquittal after the jury found Ware guilty of the lesser offense of attempted second degree murder with a firearm.   The trial court further ordered an evidentiary hearing with respect to the Ware's second ineffective assistance of trial counsel claim -- whether trial counsel was ineffective for failing to conduct an adequate pre-trial investigation to support an insanity defense due to Ware's use of intoxicants.

On June 21, 2001, after conclusion of the evidentiary hearing, the trial court orally denied Petitioner's second claim (Exh. #22 at 13-14).  A written denial was entered on July 25, 2001 (Exh. #23).  Petitioner filed an appeal (Exh. #24).  Appellant counsel filed an Anders brief[5] (Exh. #25).  Petitioner filed a pro se brief raising only the second ineffective assistance of trial counsel claim (Exh. #27).  On October 4, 2002, the Second District Court of Appeal per curiam affirmed without a written opinion (Exh. #28). Ware v. State, 829 So. 2d 222 (Fla. 2d DCA 2002).  Mandate issued October 28, 2002 (Exh. #29).

---

[5]Anders v. California, 386 U.S. 738 (1967).  An attorney who has appeared on a criminal appeal normally may not withdraw without leave of the court of appeals.   Where court-appointed counsel wishes to withdraw from a criminal appeal on the grounds that it is frivolous, counsel must include a brief referring to anything in the record that might arguably support an appeal with their motion to withdraw.  This brief is called an "Anders Brief" based upon the United States Supreme Court case that gave rise to this requirement.

Petitioner filed his Petition in this Court on September 15, 2003. Respondent acknowledges that the Petition has been timely filed, and this Court agrees. See Response (Doc. #7) at 5, fn. 3.

## III.

A petitioner is restricted in his ability to use an evidentiary hearing in a federal habeas proceeding to develop facts to support his claim. A federal evidentiary hearing is only allowed if (1) petitioner was not at fault for failing to develop the factual bases for his claims in state court, or (if he was at fault), if the conditions prescribed by § 2254(e)(2) apply. Bradshaw v. Richey, 126 S. Ct. 602, 605-06 (2005); Holland v. Jackson, 542 U.S. 649, 652-53 (2004). Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in [s]tate court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that -
>
> (A) the claim relies on -
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Even if an evidentiary hearing is not precluded by § 2254(e)(2), a federal evidentiary hearing is not required unless petitioner demonstrates that he would be entitled to habeas relief on his claim(s) if his factual allegations are proven. Breedlove v. Moore, 279 F.3d 952, 960 (11th Cir. 2002). The Court has carefully reviewed the record herein and concludes that Petitioner is not entitled to an evidentiary hearing.

IV.

Because Petitioner filed his Petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y for Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002). The AEDPA establishes a highly deferential standard of review for state court judgments. Parker v. Sec'y for Dept. of Corrections, 331 F.3d 764 (11th Cir. 2003). The AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Several aspects of § 2254, as amended by the AEDPA, are relevant to reviewing this Petition.

A.

A federal court may entertain an application for a writ of habeas corpus from a person in state custody pursuant to a state

-7-

court judgment only on the ground that petitioner is in custody in violation of the United States Constitution or the laws or treaties of the United States.  28 U.S.C. § 2254(a).  A violation of state law is insufficient to warrant review or relief by a federal court under § 2254.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

B.

If the ground(s) asserted warrant(s) review by a federal court under § 2254, petitioner must have afforded the state courts an opportunity to address the federal issue(s).  A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the [s]tate."  28 U.S.C. 2254(b)(1)(A); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir.), cert. denied, 525 U.S. 963 (1998).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  See also Henderson, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)); Snowden, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the [s]tate courts in order to give the [s]tate the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" (quoting Duncan v. Henry, 513 U.S.

-8-

364, 365 (1995)). "'[S]tate prisoners must give the [s]tate courts one full opportunity to resolve any constitutional issues by invoking one complete round of the [s]tate's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." Pruitt v. Jones, 348 F.3d 1355, 1358-59 (11th Cir. 2003)(citing O'Sullivan, 526 U.S. at 845), cert. denied sub nom. Pruitt v. Hooks, 543 U.S. 838 (2004). This is required even if the state supreme court rarely grants such petitions and usually answers only questions of broad significance. O'Sullivan, 526 U.S. at 845-46.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 US. 1136 (2002). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." Smith, 256 F.3d at 1138. "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." Henderson, 353 F.3d at 891 (quoting Judd v. Haley, 250 F.3d at 1313).

A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First,

petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. Henderson, 353 F.3d at 892; Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995), cert. denied, 519 U.S. 838 (1996). Constitutionally ineffective assistance of counsel can constitute cause if that claim is not itself procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000); Henderson, 353 F.3d at 896-97. To show "prejudice," petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. Henderson, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice. Edwards, 529 U.S. at 451; Henderson, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson, 353 F.3d at 892. See also House v. Bell, 126 S. Ct. 2064 (2006).

C.

Even where the claim is federal in nature and has been properly exhausted, additional § 2254 restrictions apply. Habeas

relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003).

"Clearly established Federal law" is the governing legal principle, not the *dicta*, set forth by the United States Supreme Court at the time the state court issues its decision. Yarborough v. Alvarado, 541 U.S. 652, 660-61 (2004); Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003); Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown,

544 U.S. at 141; Stephens v. Hall, 407 F.3d 1195, 1202 (11th Cir. 2005)(citations omitted).  A state court decision does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent.  Early v. Parker, 537 U.S. 3, 8 (2002); Parker v. Secretary, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but applies it to the facts of the particular inmate's case in an objectively unreasonable manner; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. Brown, 544 U.S. at 1439; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000).  The unreasonable application inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable.  Mitchell, 540 U.S. at 17-18; Andrade, 538 U.S. at 75-77; Vincent, 538 U.S. at 639; Woodford v. Visciotti 537 U.S. 19, 25 (2002); Williams v. Taylor, 529 U.S. 362, 409-10 (2000).  Depending upon the legal principle at issue, there can be a range of reasonable applications.  Alvarado, 541 U.S. at 663-64.   Thus, a federal court's review is not de novo, but

requires a showing that the state court decision is objectively unreasonable. Id. at 665-66.

D.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Where credibility is at issue, relief may only be granted if it was unreasonable for the state court to credit the testimony of the witness. Rice v. Collins, 126 S. Ct. 969, 974 (2006). Additionally, a factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 125 S. Ct. 2317, 2325 (2005); Henderson, 353 F.3d at 890-91. The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001). An ineffective assistance of counsel claim is a mixed question of law and fact, Rolling v. Crosby, 438 F.3d 1296, 1299 (11th Cir.), cert. denied sub nom. Rolling v. McDonough, 126 S. Ct. 2943 (2006), and therefore the presumption of correctness does not apply to claims alleging ineffective assistance of counsel.

E.

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). After the AEDPA, the Strickland v. Washington, 466 U.S. 668 (1984) standard remains the applicable standard in reviewing claims alleging ineffectiveness of trial counsel.  See, Bradshaw v. Richey, 546 U.S. 74 (2005) (acknowledging Strickland remains the standard for an analysis of ineffectiveness of counsel claims).  In Strickland, the Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland, 466 U.S. at 687-88.  "The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir.), cert. denied, 127 S. Ct. 619 (2006).  A court

-14-

must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)(quoting Strickland, 466 U.S. at 690). "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 125 S.Ct. 2456, 2462 (2005) (citations omitted). If counsel's performance falls "below the line of reasonable practice, there is a further question about prejudice, that is, whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 2467 (citation omitted).

This judicial scrutiny is "highly deferential." Roe, 528 U.S. at 477.   A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.   Strickland, 466 U.S. at 689-90.   An attorney is not ineffective for failing to raise or preserve a meritless issue.   Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

The Eleventh Circuit has captured the essence of an ineffectiveness claim:

> [A] petitioner must show that his lawyer's performance fell below an "objective standard of reasonableness" and that the lawyer's deficient performance prejudiced the

petitioner. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Establishing these two elements is not easy: "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

For assessing a lawyer's performance, Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000) (en banc) cert. denied, 531 U.S. 1204, 121 S.Ct. 1217, 149 L.Ed.2d 129 (2001), sets out the basic law: "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (internal marks omitted). . . . Our role in reviewing an ineffective assistance claim is not to "grade" a lawyer's performance; instead, we determine only whether a lawyer's performance was within "the wide range of professionally competent assistance." See Strickland, 104 S.Ct. at 2066.

The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take. See Chandler, 218 F.3d at 1315.

A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test." Strickland, 104 S.Ct. at 2067. Instead, a petitioner must establish that a reasonable probability exists that the outcome of the case would have been

> different if his lawyer had given adequate
> assistance.  <u>See Id.</u> at 2068.[6]

<u>Van Poyck</u>, 290 F.3d at 1322-23 (footnotes omitted).  In sum,

"[w]ithout proof of both deficient performance and prejudice to the

defense, . . . it [can] not be said that the sentence or conviction

'resulted from a breakdown in the adversary process that rendered

the result of the proceeding unreliable,' and the sentence or

conviction should stand."  <u>Bell v. Cone</u>, 535 U.S. 685, 695 (2002)

(internal citation omitted) (quoting <u>Strickland v. Washington</u>, 466

U.S. 668, 687 (1984)).

The same deficient performance and prejudice standards apply

to appellate counsel.  <u>Smith v. Robbins</u>, 528 U.S. 259, 285-86

(2000); <u>Flores-Ortega</u>, 528 U.S. at 476-77.  If the Court finds

there has been deficient performance, it must examine the merits of

the claim omitted on appeal.  If the omitted claim would have had

a reasonable probability of success on appeal, then the deficient

performance resulted in prejudice.  <u>Joiner v. United States</u>, 103

F.3d 961, 963 (11th Cir. 1997).  Non-meritorious claims which are

not raised on appeal do not constitute ineffective assistance of

---

[6] However, "when a defendant raises the unusual claim that
trial counsel, while efficacious in raising an issue, nonetheless
failed to preserve it for appeal, the appropriate prejudice inquiry
asks whether there is a reasonable likelihood of a more favorable
outcome on appeal had the claim been preserved."  <u>Davis v. Sec'y
for Dep't of Corrections</u>, 341 F.3d 1310, 1316 (11th Cir. 2003) (per
curiam) (citation omitted).

counsel.   Diaz v. Sec'y for Dep't of Corrections, 402 F.3d 1136, 1144-45 (11th Cir. 2005).

V.

### Ground I: failure to move for a directed verdict at the conclusion of the state's case

Respondent argues that Petitioner's first claim of ineffectiveness of trial counsel ("Ground I") was not fully exhausted in state court, and thus is procedurally barred in this § 2254 proceeding.   In particular, Respondent points to Petitioner's failure to raise Ground I in his appeal from the denial of the Rule 3.850 motion.  Response (Doc. #7) at 8.   The Court agrees that Petitioner did not fully exhaust Ground I in state court.   See Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979)[7] (finding that exhaustion requires not only the filing of a Rule 3.850 motion, but also an appeal of its denial); Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.)(finding that claims presented in a post-conviction motion but not appealed were procedurally barred in subsequent habeas proceedings), cert. denied, 502 U.S. 944 (1991); Smith v. Jones, 923 F.2d 588, 589 (8th Cir. 1991) (finding that the claims presented in a post-conviction motion that were not included in the appeal of the order denying that motion were procedurally barred).

_____

[7]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

It would be futile to dismiss this case to give Petitioner the opportunity to exhaust Ground I because the claim could have and should have been included in Ware's appeal of the order denying his Rule 3.850 motion and that appeal is now time-barred. Green v. State, 765 So.2d 825 (Fla. 2nd DCA 2000); Carracciolo v. State, 564 So.2d 1163 (Fla. 4th DCA 1990). Thus, the Court finds Ground I has been procedurally defaulted unless Petitioner can show cause and prejudice for his failure to exhaust Ground I, or demonstrate a fundamental miscarriage of justice. See Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). Here, Petitioner has not shown both cause and prejudice, nor has he demonstrated that he meets the requirements of the fundamental miscarriage of justice exception. Therefore, the Court need not address the merits of Ground I.

Even assuming *arguendo* that Petitioner's appeal of the denial of the 3.850 motion with respect to Ground II was sufficient to exhaust Ground I, Ware is still not entitled to relief. When Petitioner raised Ground I in his Rule 3.850 motion the trial court adjudicated the claim on the merits. Specifically, the trial court determined that:

> With respect to the Defendant's ground one allegation that trial counsel failed to move for a JOA after the jury found him guilty of attempted second degree murder with a firearm, a lesser offense of the charged offense of attempted first degree murder with a firearm, the record reveals that counsel moved for a JOA on all counts after the close of the [s]tate's case and after the close of all the evidence, and that the Court denied both motions after argument. (Tr. at 724-734). In light of the Court's determination that there was sufficient

> evidence to support a conviction of attempted first degree murder with a firearm at the close of all the evidence, a motion for JOA on the lesser offense of attempted second degree murder with a firearm after the jury's verdict would have been futile. §§ 782.04(1)(a), 777.04, 782.04(2), Fla. Stat. (1995). Based on the foregoing, the Court finds that the Defendant has failed to demonstrate any prejudice. <u>Strickland</u>; <u>Williamson</u>.

(Exh. #20 at ¶8). Ground I should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, the Court concludes that Petitioner is not entitled to relief on the basis of this claim because the state court in adjudicating the claim applied the <u>Strickland</u> analysis and, the state court's ruling was not contrary to clearly established federal law; did not involve an unreasonable application of clearly established federal law; and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

> **Ground II: failure to conduct an adequate pre-trial investigation to demonstrate that [Petitioner] was insane by reason of intoxicants**

After conducting an evidentiary hearing, the trial court adjudicated Ground II on the merits. The trial court appointed counsel to represent Petitioner at the hearing (Doc. #23, ¶4). Defense counsel, Paul Sullivan, testified that he was aware that

Ware had been Baker Acted[8] the weekend before the incident due to the belief that Ware was a danger to himself due to his cocaine abuse (Id. ¶6). Further, defense counsel pointed out that Ware had been deemed competent to stand trial (Id. ¶9). Additionally, defense counsel testified that the expert who confidentially examined Ware concluded that Ware was not incompetent due to his drug and cocaine use (Id. ¶10). Consequently, defense counsel made a decision to pursue a voluntary intoxication defense. Counsel further pointed out that Ware was acquitted of certain counts due to the voluntary intoxication defense (Id. ¶7). In denying this claim, the trial court identified the two-prong Strickland ineffectiveness test as the controlling law, stating in pertinent part:

> Having considered all the testimony and having had the opportunity to observe the demeanor of the witnesses, the Court finds that the Defendant [sic] allegation as to trial's [sic] counsel failure to explore the insanity defense based on the Defendant's cocaine induced psychosis fails to meet the requirements of Strickland v. Washington, 466 U.S. 668 (1984), and Williamson v. Dugger, 651 So. 2d 84 (Fla. 1994), discussed previously.

Exh. #23 at ¶11).

---

[8]"The Baker Act" is found at Fla. Stat. §§ 394.451- 394.4789. Fla. Stat. § 394.451 states that, "[t]his part shall be known as "The Florida Mental Health Act" or "The Baker Act". The Baker Act is the Florida's "general civil commitment statute" and allows for involuntary commitment to provide "intensive short-term . . . treatment" to persons with serious mental disorders and return them "to the community as soon as possible." Westerheide v. State, 831 So. 2d 93, 111- 112 (Fla. 2002)(citing Fla. Stat. §394.453).

Petitioner raised this claim in his Rule 3.850 motion, and the trial court adjudicated the claim after an evidentiary hearing on the merits.   Thus, this ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA.

Upon a thorough review of the record and the applicable law, the Court finds that Petitioner is not entitled to relief on the basis of this claim because the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

VI.

Any other claims not specifically addressed are found to be without merit.  Accordingly, for all of the above-stated reasons, the Petition will be denied and this case will be dismissed with prejudice.

Therefore, it is now

ORDERED AND ADJUDGED:

1.   The Petition (Doc. #1) is DENIED, and this action is DISMISSED WITH PREJUDICE.

2.    The **Clerk of the Court** shall enter judgment accordingly and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 29ᵗʰ day of March ~~February~~, 2007.

Marcia Morales Howard
MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record